STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Century Partners, LP, | } | Docket Nos. 177-8-08 Vtec and |
| Notices of Violation | } | 191-8-08 Vtec |
| | } | |

<u>Decision and Order on Appellant's Motion for Summary Judgment</u>

In Docket No. 177-8-08 Vtec, Appellant Century Partners, LP appealed from a decision of the Development Review Board (DRB) of the City of South Burlington upholding the Administrative Officer's May 2, 2008 Notice of Violation. In Docket No. 191-8-08 Vtec, Appellant Century Partners, LP appealed from a decision of the DRB upholding the Administrative Officer's June 16, 2009 Notice of Violation. A related enforcement action brought by the City against Century Partners, LP, Docket No. 271-11-08 Vtec, has been placed on inactive status pending the resolution of these two Notices of Violation. Appellant is represented by Erin Miller Heins, Esq.; the City is represented by John Klesch, Esq.

Appellant moved for summary judgment. In its responsive memorandum, the City has also requested summary judgment in its favor on certain issues. When both parties seek summary judgment, the Court will give each party the benefit of all reasonable doubts and inferences when the opposing party's motion is being considered. <u>DeBartolo v. Underwriters at Lloyd's of London</u>, 2007 VT 31, ¶ 8, 181 Vt. 609; <u>In re: Gizmo Realty/VKR Assocs., LLC</u>, No. 199-9-07 Vtec, slip op. at 3 (Vt. Envtl. Ct. Apr. 30, 2008) (Durkin, J.). The following facts are undisputed unless otherwise noted.

Applicant developed a Planned Unit Development (PUD) that includes buildings at addresses now known as 100 Dorset Street and 102 Dorset Street, and as 2 Market

1

Street and 4 Market Street. Market Street is the current name of a street formerly shown as Corporate Way on some of the plans relating to this development. The PUD plans were originally approved prior to 1996.[1] The December 2005 site plan found as an attachment to Exhibit I reflects the aspects of the most recent site plan approval for the PUD that are relevant to these two appeals.

The May 2, 2008 Notice of Violation (May NOV) stated four asserted violations, and the June 16, 2008 Notice of Violation (June NOV) stated five asserted violations. The City has consented to the dismissal of the Notices of Violation as to one of the violations asserted in the May NOV, involving a chiropractic office in the 100 Dorset St. building, and as to three of the violations asserted in the June NOV, involving a new handicapped-accessible parking space, the restoration of an approved bicycle rack, and the parking of a motor vehicle trailer in an unapproved location. Accordingly, paragraph 3 of the May 2, 2008 NOV and paragraphs 1, 2, and 5 of the June 16, 2008 NOV are hereby DISMISSED. As agreed by the City, the corresponding claims in the enforcement action, Docket No. 271-11-08 Vtec, will be withdrawn.

May NOV ¶ 2

Paragraph 2 of the May NOV states as a violation that Appellant added a new dumpster storage (service) area north of the 100 Dorset St. building without site plan approval and without a zoning permit. The "Amended Site/PUD Plan" attached to Appellant's Exhibit I, carrying a last revision date of December 1, 2005 (the December 2005 Plan), is not the most recent site plan for the PUD, but it is identical to the most recent site plan with respect to the "existing service areas" to the north and east of the

_____

[1] Other aspects of this PUD have been litigated in In re: Century Partners, LP, Nos. 136-7-08 Vtec and 201-9-09 Vtec (Vt. Envtl. Ct. Jan. 30, 2009) (Wright, J.); as well as in In re Tekram Partners, 2005 VT 92, 178 Vt. 628 (mem.), and In re Century Partners, LP PUD, No. 210-9-06 Vtec (Vt. Envtl. Ct. May 10, 2007) (Durkin, J.).

100 Dorset St. building, as well as with respect to the "8' high stockade[-]fenced service area" east of the 102 Dorset St. building, discussed under a separate heading below.

The December 2005 Plan shows two unenclosed dumpsters, marked "Existing Service Areas," on the north side of the 100 Dorset St. building, and shows two unenclosed dumpsters, also marked "Existing Service Areas," on the east side of the 100 Dorset St. building. It also shows an area formed by an inside corner of the building on the north side of the 100 Dorset St. building, marked as an "approved 300 SF storage" area. As of the May 2, 2008 NOV, and as of the February 11, 2009 inspection of the area as reflected in the photographs submitted by the City attached to the Belair affidavit, two dumpsters were located within this area rather than in the locations as shown on the site plan.

Appellant does not contest the City's assertion that this 300-square-foot storage area was never approved for the placement of dumpsters. Rather, Appellant argues that the incorrect, but temporary, placement of a moveable trash receptacle is either not a violation at all, or is a merely technical and insubstantial violation, or has been cured and is now moot. Appellant argues that four dumpsters were approved for the north and east sides of the 100 Dorset St. building, and that only four dumpsters are in use on the north and east sides of the 100 Dorset St. building.

The placement of any feature shown in a specific location on a site plan is only approved for that location, regardless of whether the feature is capable of being moved. To the then-Planning Commission that approved the site plan, it may have been just as important to keep an area clear of features, for the purposes of on-site circulation (or any of the other site plan criteria), as it was to designate certain areas for the placement of features. Once a site plan is approved and has become final, its features cannot either be challenged directly, or be challenged indirectly in the context of a later NOV or enforcement action. 24 V.S.A. § 4472(d).

3

Of course, an applicant may apply to amend a site plan to change such features in appropriate circumstances. Indeed, the remedial action specified as appropriate in the May NOV was to "[o]btain all necessary approvals and permits" for the noted changes.

Any issues as to when the violation or violations occurred, how long they lasted, whether injunctive relief is needed or appropriate or moot, and whether any penalties are appropriate and, if so, in what amount, are for the enforcement case: Docket No. 271-11-08 Vtec. Summary judgment must be granted in favor of the City as to Paragraph 2 of the May 2, 2008 NOV.

June NOV ¶ 4

Paragraph 4 of the June NOV states as a violation that Appellant added a new dumpster storage area east of the 102 Dorset St. building without site plan approval and without a zoning permit.

The December 2005 Plan shows a single square area labeled as "8' high stockade[-]fenced service area" off the southeast corner of the 102 Dorset St. building, east of an area containing an "8' x 10' electrical concrete pad." Appellant has instead installed two 8' high stockade-fenced service areas (dumpster enclosures), one to the east and one to the west of the electrical pad.

The additional dumpster service area may be necessary to accommodate the recycling needs of the 102 Dorset St. building. A second dumpster area for recycling may be the sort of site plan amendment that would have been approved by the DRB. However, the orderly administration of Vermont's zoning laws requires adherence to the principle that permittees must either comply with approved site plans or obtain amendments of them, rather than proceeding unilaterally to make changes.

As previously noted, an applicant may apply to amend a site plan to change such features in appropriate circumstances. Indeed, the remedial action specified as

4

appropriate in the June NOV, as to this asserted violation, was either to "comply with the approved site plan or obtain all necessary approvals and permits" for the noted changes.

Any issues as to when this area was added, whether injunctive relief is needed or appropriate, and whether any penalties are appropriate and, if so, in what amount, are for the enforcement case: Docket No. 271-11-08 Vtec. Summary judgment must be granted in favor of the City as to Paragraph 4 of the June 16, 2008 NOV.


June NOV ¶ 3

Paragraph 3 of the June NOV states as a violation that Appellant has failed to screen the dumpsters at the north end of the 4 Market St. building and east of the 102 Dorset St. building.

Unlike the unenclosed dumpster areas marked as "existing service areas" to the north and east of the 100 Dorset St. building, the December 2005 Plan also shows several enclosed dumpster areas. Three square areas are labeled as "screened dumpster enclosures," one on the north side and two on the east side of the 4 Market St. building. A single square area is labeled as "8' high stockade[-]fenced service area" off the southeast corner of the 102 Dorset St. building.

The enclosed dumpster service areas or dumpster enclosures were constructed with stockade-fence front panels that swing open for servicing of the dumpsters. The City has provided photographs and affidavits of occasions on which the front panels have been observed to be open, while Appellant has provided photographs and affidavits of occasions on which the front panels have been observed to be closed.

"Screening" is one topic covered by site plan review. 24 V.S.A. § 4416. At least for the dumpsters located on the north and east sides of the 4 Market St. building and east of 2 Market St. building, the approved site plan requires them to be "screened" or "enclosed." The enclosures are ineffective to perform their screening function when the

5

front panels are left open. Therefore it is not enough that Appellant has constructed and maintains the enclosure with front panels that are capable of screening the dumpsters; rather, they must be kept in the closed position except when actually in use. It is up to Appellant to put into place tenancy agreements sufficient to ensure that the various building tenants abide by the screening requirement, or to apply to amend the condition if some other configuration of screening enclosure would be easier to maintain or operate effectively.

Any issues as to when screening violations occurred at these locations, whether injunctive relief is needed or appropriate, and whether any penalties are appropriate and, if so, in what amount, are for the enforcement case: Docket No. 271-11-08 Vtec. Summary judgment must be granted in favor of the City as to Paragraph 3 of the June 16, 2008 NOV.

<u>May NOV ¶ 1</u>

Paragraph 1 of the May NOV states as a violation that Appellant altered the approved landscaping plan by installing a low barberry hedge between the Dorset St. right-of-way and the parking spaces for the 100 Dorset St. building, without site plan approval and without a zoning permit. Appellant has explained that it installed the street trees that were required by the approved site plan, but that those trees were in an area since taken for the widening of Dorset Street.

Appellant planted the barberry hedge to provide some screening between its parking area and Dorset Street, but did not apply for any changes to the site plan to reflect the widening of Dorset Street and the new hedge. An applicant may apply to amend a site plan to change such features in appropriate circumstances. The City does not here claim that Appellant is required to replace the hedge with street trees. Rather, the remedial action specified as appropriate in the May NOV was to "[o]btain all necessary approvals and permits" for the noted changes.

6

Any issues as to when the street widening occurred, when the hedge was planted, whether injunctive relief is needed or appropriate, and whether any penalties are appropriate and, if so, in what amount, are for the enforcement case: Docket No. 271-11-08 Vtec. Summary judgment must be granted in favor of the City as to Paragraph 1 of the May 2, 2008 NOV.

May NOV ¶ 4

Paragraph 4 of the May NOV states as a violation that Appellant altered the landscape plan for the area to the east and north of the 2 Market St. building without site plan approval and without a zoning permit. As explained in this Court's decision in In re: Century Partners, LP, Nos. 136-7-08 Vtec and 201-9-09 Vtec (Vt. Envtl. Ct. Jan. 30, 2009), the specific landscape plan which the City seeks to enforce was never approved by the appropriate municipal panel. That is, at least as shown by the materials submitted on summary judgment in those cases, it was neither part of the application materials originally submitted for site plan approval nor was it subsequently approved by the then-Planning Commission. It was therefore not a landscape plan that was enforceable so as to preclude the issuance of a certificate of occupancy for the 2 Market St. building.

However, the Notice of Violation addresses a different issue. It addresses whether Appellant has obtained site plan approval of the actual landscaping it has installed in the area around the 2 Market St. building. In the present cases, material facts are in dispute as to whether any approved site plan shows the landscaping as installed in the area around the 2 Market St. building, so that summary judgment is DENIED as to Paragraph 4 of the May NOV.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Summary Judgment is DENIED, and Summary Judgment is

7

GRANTED in favor of the City as to Paragraphs 1 and 2 of the May 2, 2008 NOV, and as to Paragraphs 3 and 4 of the June 16, 2008 NOV. Appellant's Motion for Summary Judgment is DENIED as to paragraph 4 of the May 2, 2008 NOV, as material facts are disputed, or at least have not been provided to the Court in this case. Paragraph 3 of the May 2, 2008 NOV and paragraphs 1, 2, and 5 of the June 16, 2008 NOV are hereby DISMISSED, as discussed above.

This decision concludes Docket No. 191-8-08 Vtec, as to the June 16, 2008 NOV, and concludes Docket No. 177-8-08 Vtec, as to all but paragraph 4 of the May 2, 2008 NOV. A telephone conference has been scheduled (see enclosed notice) to set a trial schedule for the remaining issues in Docket No. 177-8-08 Vtec and for the enforcement case: Docket No. 271-11-08 Vtec.

Done at Berlin, Vermont, this 15th day of September, 2009.

_____
Merideth Wright
Environmental Judge

8